IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VETTER G. MOORE, III, | : | No. 4:05cv1045 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Mannion) |
| NY ATTORNEY GENERAL | : | |
| SPITZER, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

### September 20, 2005

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On March 10, 2005, the above-captioned matter was filed in the United

States District Court for the Southern District of New York.  The action was

ordered transferred to the United States District Court for the Middle District of

Pennsylvania by May 11, 2005 order.

This case was referred to Magistrate Judge Malachy E. Mannion for

preliminary review.  On August 23, 2005, Magistrate Judge Mannion issued a

Report and Recommendation within which he concluded the instant action should

be dismissed for Plaintiff's failure to comply with the Magistrate Judge's June 3,

2005 order by either submitting the appropriate application to proceed *in forma*

*pauperis* and authorization form, or the appropriate filing.  Alternatively, the

Magistrate Judge recommended that this action be transferred to the United States

District Court for the Northern District of New York with the issue of Plaintiff's

financial status to be determined by that court.  (<u>See</u> Rep. & Rec. at 5).

Objections to the Magistrate Judge's Report were filed on August 29, 2005.

This matter is now ripe for disposition.

**<u>FACTUAL BACKGROUND/PROCEDURAL HISTORY:</u>**

Plaintiff Vetter G. Moore, III ("Plaintiff" or "Moore"), an inmate at the

United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg") filed

this action as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241;

however, upon review, it appeared that Plaintiff was challenging the conditions of

his confinement, and in particular his transfer from a New York facility to USP-

Lewisburg which he asserts is an attempt to interfere with a "million dollar

lawsuit" he filed in New York, as opposed to the fact or duration of his

confinement.  (Rep. & Rec. at 1).  Accordingly, as the Magistrate Judge explained,

it appeared that the action was more appropriately designated as a civil rights

action pursuant to 42 U.S.C. § 1983.   Plaintiff filed what the Magistrate Judge

construed as a Motion for Reconsideration of that determination on June 20, 2005

(doc. 5), which was denied by the Magistrate Judge's August 23, 2005 order (doc.

13).

## STANDARD OF REVIEW:

When objections are filed to a report of a magistrate judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections.  See United States v. Raddatz, 447 U.S. 667 (l980); see also 28 U.S.C. §636(b)(1); Local Rule 72.3l.  Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge.  See id.  Indeed, in providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations.  See id., see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

## DISCUSSION:

We initially note that the Clerk's office has properly construed a submission filed by Plaintiff and purporting to provide notice of a direct appeal taken from the Magistrate Judge to the Third Circuit Court of Appeals, as objections to the Magistrate Judge's Report and Recommendation.  (See Rec. Doc. 15).  The aforementioned one page submission, consisting primarily of the caption in this

case, merely is identified as a notice of appeal in which Plaintiff asserts that the

appeal is taken from the Magistrate Judge's "abusive changing 2241 into Bivens

suit on August 24, 2005 retransfer 2241 back to S. Dist. of NY." Id.  Plaintiff

utterly fails to specifically address any aspect of the Magistrate Judge's Report, nor

does he render or any specific objections thereto.  While we certainly have the

option to seek more specificity from Plaintiff, it is unnecessary to do so as there

exists a more overarching reason to dismiss this case.

       As the Magistrate Judge explained in his Report, Plaintiff had not submitted

the proper financial papers to proceed with this action.  Accordingly, the

Magistrate Judge issued a June 3, 2005 order directing: the Clerk of Court to

correct the docket to reflect that the instant action was construed as a civil rights

action pursuant to 42 U.S.C. § 1983; the Clerk of Court to serve Plaintiff with the

appropriate application to proceed *in forma pauperis* and authorization form

application to civil rights actions; Plaintiff to either return the completed

application to proceed *in forma pauperis* and authorization form, or to submit the

$250 filing fee for a civil rights action within twenty (20) days of the date of the

order; and Plaintiff was advised that his failure to either return the application to

proceed *in forma pauperis* and authorization form, or submit the proper filing fee,

within the allotted time period would result in a recommendation to dismiss this

4

action.[1]  (See Rec. Doc. 3).

To date, Plaintiff has utterly disregarded the Magistrate Judge's June 3, 2005 Order and failed to either submit the proper application to proceed *in forma pauperis* and authorization form, or the appropriate filing fee.  Accordingly, our review of this case confirms Magistrate Judge Mannion's determination to dismiss the case sub judice.  The case will be dismissed without prejudice.[2]

---

[1] As the Magistrate Judge notes, on May 24, 2005, the Court received another action filed by Plaintiff and docketed as 4:05-cv-1053.  As both actions were related in subject matter, the Magistrate Judge issued an order directing that 4:05-cv-1053 be consolidated into the instant case.  (Rep. & Rec. at 2-3).

[2] We are cognizant of the Magistrate Judge's alternative recommendation that this case be transferred to the United States District Court for the Northern District of New York as he asserts that it does not appear that venue is proper in this Court. In that regard, Plaintiff is instructed that if he brings another action alleging violations of his constitutional rights regarding his confinement in the Northern District of New York and the only named defendants are officials and/or individuals located in the Northern District of New York, venue is appropriate in the Northern District of New York.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.    Magistrate Judge Mannion's Report and Recommendation (doc. 14) is

       granted in part for the reasons stated herein.

2.    This action shall be dismissed for Plaintiff's failure to comply with

       the Magistrate Judge's June 3, 2005 order by either submitting the

       appropriate application to proceed *in forma pauperis* and

       authorization, or the appropriate filing fee.

3.    This case shall be dismissed without prejudice.

4.    The Clerk shall close the file on this case.


                                                    s/ John E. Jones III
                                                    John E. Jones III
                                                    United States District Judge